IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRYCE WESSELLS,
    Petitioner,

vs.                                        Case No. 3:10cv320/MCR/EMT

KENNETH S. TUCKER,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 31). Petitioner was provided an opportunity to respond to the motion, but he declined to do so (*see* docs. 32, 37).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 31, Exhibits).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case Nos. 1994-CF-2099 1994-CF-2100, 1994-CF-2101, 1994-CF-2102, 1994-CF-2103, with violation of community control (Case Nos. 1994-CF-2099, 2100, 2102, and 2103) and violation of probation (Case No. 1994-CF-2101) (*see* Ex. B, docket sheets).[2] Petitioner pled guilty to the charges and was

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer (doc. 31). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

[2] Petitioner was placed on community control and probation in each of those cases in 1994, pursuant to his guilty plea to the charges in each case (Ex. B, docket sheets). In Case No. 1994-CF-2099, 1994-CF-2100, and 1994-CF-2101, he was charged with one count of burglary of a structure (Count 1) and one count of grand theft (Count 2) (*id.*). In Case No. 1994-CF-2102, he was charged with one count of burglary of a structure (Count 1) and one count of petit theft (Count 2) (*id.*). In Case No. 1994-CF-2103, he was charged with one count of burglary of a structure (Count 1)

adjudicated guilty and sentenced on December 11, 1996, as a habitual felony offender to five concurrent terms of thirty (30) years of imprisonment on Count 1 of each case (the burglary counts), with pre-sentence credit of 417 days (Ex. B at 73–79). He was sentenced to concurrent terms of ten (10) years of imprisonment on the grand theft counts, to run concurrently with the sentences on the burglary counts, and time served on the petit theft and resisting arrest counts (*id.*). Petitioner did not appeal the judgment (doc. 31 at 2).

On June 11, 1997, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, wherein he claimed that his trial counsel failed to file a notice of appeal (Ex. A at 1–7). The state circuit court summarily denied the motion (*id.* at 8–9). Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D97-2989, wherein he argued the circuit court should have construed his motion as a petition for habeas corpus seeking a belated direct appeal (Ex. A at 10, Ex. D, Ex. F). The First DCA construed the pleading as a petition for belated appeal and ordered an evidentiary hearing. *See* Wessells v State, 737 So. 2d 1103 (Fla. 1st DCA 1998). On October 28, 1998, the First DCA denied the petition for belated appeal, with the mandate issuing November 13, 1998 (Exs. I, J). Wessells v. State, 728 So. 2d 212 (Fla. 1st DCA 1998) (Table).

On August 12, 2009, Petitioner filed a Rule 3.850 motion (Ex. B at 1–29). The state circuit court summarily denied the motion in an order rendered December 7, 2009 (*id.* at 69–71). Petitioner appealed the decision to the First DCA, Case No. 1D10-0623 (*id.* at 93–94, Ex. E, Ex. K). The First DCA affirmed the circuit court's decision per curiam without written opinion on April 28, 2010, with the mandate issuing July 23, 2010 (Exs. L, O). Wessells v. State, 38 So. 3d 775 (Fla. 1st DCA 2010) (Table).

Petitioner filed the instant habeas action on August 14, 2010 (doc. 1). He raises the following claims:

**GROUND ONE**
NEWLY DISCOVERED EVIDENCE CONSISTING OF BAPTIST HOSPITAL SERVICE RECORDS INDICATING THAT DEFENDANT WAS SIGNED IN AT 17:00 HOURS ON MAY 2, 1994 BY AMBULANCE, AFTER BEING STRUCK IN THE HEAD WITH A METAL BASKET, KNOCKED UNCONSCIOUS, WHILE USING CRACK COCAINE, ALCOHOL, AND THC, BEFORE BEING STRUCK IN THE HEAD.

**GROUND TWO**
NEWLY DISCOVERED EVIDENCE CONSISTING OF BAPTIST HOSPITAL RECORDS AND REPORTS, SHOWING DEFENSIVE WOUNDS ON DEFENDANT'S HANDS AND HEAD, DEMONSTRATING THE EXTENT OF THE BRUTAL BEATING DEFENDANT RECEIVED BY

---

and one count of resisting arrest without violence (Count 2) (*id.*).

SHERIFF'S DEPUTIES, KICKING DEFENDANT MULTIPLE TIMES IN THE FRONTAL LOBE OF THE HEAD, CAUSING TRAUMATIC BRAIN INJURY, RESULTING IN NEUROLOGICAL DAMAGE, RENDERING HIM INCOMPETENT, AND UNABLE TO KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY, ENTER INTO A PLEA, VIOLATING BOTH STATE AND FEDERAL CONSTITUTIONS, BY THE SUPPRESSION OF THESE REPORTS.

### GROUND THREE
NEWLY DISCOVERED EVIDENCE CONSISTING OF ORGANIC BRAIN DAMAGE, AS A RESULT OF THE BRUTAL BEATING ADMINISTERED BY ESCAMBIA COUNTY SHERIFF'S OFFICERS MAY 2, 1994, RENDERING DEFENDANT'S PLEA CHANGE HEARING INVOLUNTARILY, UNINTELLIGENTLY, AND UNKNOWINGLY HAD, IN VIOLATION OF BOTH STATE AND FEDERAL CONSTITUTIONS.

### GROUND FOUR
NEWLY DISCOVERED EVIDENCE CONSISTING OF WITNESSES PRESENT DURING THE CONFESSION BY DEFENDANT TO INVESTIGATOR WALKER IN MAY OF 1994, SHOWING REASONABLE GROUNDS THAT DEFENDANT WAS NOT MENTALLY COMPETENT TO WAIVE HIS MIRANDA RIGHTS AND GIVE A CONFESSION WITH THE DAMAGE DONE TO THE FRONTAL LOBE OF THE DEFENDANT'S BRAIN, WHICH RENDERS HIS PLEA INVOLUNTARILY, UNKNOWINGLY, AND UNINTELLIGENTLY MADE, IN VIOLATION OF BOTH STATE AND FEDERAL CONSTITUTIONS.

### GROUND FIVE
NEWLY DISCOVERED EVIDENCE THAT DEFENSE COUNSEL KELLY RICHARDS RENDERED INEFFECTIVE ASSISTANCE, CONTRARY TO BOTH STATE AND FEDERAL CONSTITUTIONS IN THE FOLLOWING REGARDS:  WHEN KELLY RICHARDS FAILED TO INVESTIGATE, SECURE, DEPOSE, AND CALL FOR A HEARING, THREE KEY WITNESSES, DOCTOR WESTAFER, PHYSICIAN COURCY, THE AMUSEMENT PARK EMPLOYEE, WHOSE TESTIMONY WAS CRITICAL TO THE DEFENDANT'S DEFENSE, COUNSEL'S FAILURE TO CALL, OR DEPOSE DEFENSE WITNESS DID PREJUDICE THE DEFENSE.

### GROUND SIX
NEWLY DISCOVERED EVIDENCE THAT DEFENSE COUNSEL KELLY RICHARDS RENDERED INEFFECTIVE ASSISTANCE, CONTRARY TO BOTH STATE AND FEDERAL CONSTITUTIONS IN THE FOLLOWING REGARDS:  WHEN KELLY RICHARDS MISADVISED DEFENDANT TO TAKE A PLEA BECAUSE NO DEFENSE EXISTED, WHEN VOLUNTARY INTOXICATION, MENTAL DEFECT, MENTAL WEAKNESS, DIMINISHED CAPACITY, AND INCOMPETENCY WERE ALL DEFENSES IN EXISTENCE IN 1994; THIS MISADVICE RENDERS DEFENDANT'S PLEA INVOLUNTARY, UNKNOWING, AND UNINTELLIGENTLY MADE.

(doc. 1 at 4–16).

II   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal (doc. 31 at 4). Although Petitioner does not argue that another statutory trigger applies, he labels each of his federal habeas claims as "Newly Discovered Evidence" (*see* doc. 1 at 4–14); therefore, the undersigned will determine whether the appropriate statutory trigger is § 2244(d)(1)(D), the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. The alleged newly discovered evidence underlying all of Petitioner's claims is evidence of Petitioner's mental and physical condition at the time of his arrest for the original offenses in 1994 and his confession and guilty plea to those offenses (*id.*). This evidence consists of Petitioner's medical records and testimony from his two treating physicians and a witness to Petitioner's arrest (an amusement park employee) (*see* doc. 1, exhibits). However, Petitioner failed to show that his own medical records and the arrest reports, which disclosed the name and telephone number of the amusement park employee (*see id.* at 19–20), were unobtainable with due diligence prior to entry of the final judgment in the VOP cases. Further, this evidence relates to Petitioner's original convictions in 1994, not the judgment and sentence in the VOP's, which is the judgment challenged in the instant habeas proceeding (*see* doc. 1 at 1). Therefore, the undersigned concludes § 2244(d)(1)(D) is not applicable. Petitioner does not allege grounds for applying either of the statutory triggers for the limitations period set forth in § 2244(d)(1)(B) or (C); therefore, the undersigned concludes the federal limitation period began to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, pursuant to § 2244(d)(1)(A).

The judgment and sentence in Petitioner's case was rendered December 11, 1996. That judgment became final thirty (30) days later, on January 11, 1997.[3, 4] *See* Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); Hampton v. State, 837 So. 2d 611 (Fla. 5th DCA 2003) (when defendant did not directly appeal his conviction, the judgment and sentence became final 30 days after they were rendered); Davis v. State, 693 So. 2d 700 (Fla. 2d DCA 1997) (judgment and sentence become final when 30-day period to file notice of appeal expires); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires). Petitioner had one year from that date, or until January 11, 1998, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In the instant case, Petitioner filed a tolling motion on June 11, 1997, after 150 days of the federal limitations period expired. The limitations period was tolled until November 13, 1998, upon issuance of the First DCA's mandate. The federal limitations period expired 215 days later, on June 17, 1999. Any post-conviction applications filed by Petitioner after that date did not qualify for statutory tolling. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

---

[3] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the order imposing sentence to file a notice of appeal. In the instant case, the written order imposing the judgment and sentence was rendered on December 11, 1996. *See* Fla. R. App. P. 9.020(h) (order is rendered when signed, written order is filed with clerk of lower tribunal). The day the order was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on December 12, 1996. *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was January 11, 1997.

[4] The Supreme Court held in Jiminez v. Quarterman, 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009) that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." 555 U.S. at 121. In that limited circumstance, the judgment becomes final at the conclusion of the out-of-time direct appeal or expiration of the time for seeking review of that appeal. *Id.* In the instant case, Petitioner was not granted the right to file an out-of-time direct appeal.

Case No.: 3:10cv320/MCR/EMT

Petitioner filed the instant federal petition on August 14, 2010, more that ten years after the federal limitations period expired (*see* doc. 1). Therefore, the instant petition was untimely. Petitioner has not shown that any tolling principles apply, or that he is entitled to federal review under any other exception to the time bar.[5] Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 31) be **GRANTED**.

2.      That the amended petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

---

[5] Although Petitioner states he did not receive his medical records until May of 2009 (*see* doc. 1 at 5), he does not allege the existence of any extraordinary circumstance that prevented him from filing his federal petition within the statutory limitations period; nor has he shown he was diligently pursuing his rights during that time; therefore, he has not shown he is entitled to equitable tolling of the limitations period. *See* Pace . DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Further, although he alleges he has been in a "continued state of incompetency" (*see* doc. 35 at 1), he has not submitted any evidence in support of his claim of mental incapacity, nor has he alleged facts establishing a causal connection between his alleged mental incapacity and his ability to file a timely § 2254 petition. *See* Lawrence v. Florida, 421 F.3d 1221, 1226–27 (11th Cir. 2005) (petitioner's contentions that his full scale IQ was 81 and he had "suffered from mental impairments his entire life" were insufficient to justify equitable tolling, because they did not establish a causal connection between petitioner's alleged mental incapacity and his ability to file a timely petition).

Case No.: 3:10cv320/MCR/EMT

At Pensacola, Florida, this 30th day of November 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**